Filed 5/26/16  Sheen v. Sheen CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| CHARLES SHEEN et al., | B263952 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BP092979) |
| v. | |
| ANTHONY SHEEN, JR. as Trustee etc., | |
| NEIL GIELEGHAM et al., | |
| Objectors and Respondents. | |


APPEAL from an order of the Superior Court of Los Angeles County. Daniel S. Murphy, Judge.  Affirmed.

Evan D. Marshall for Plaintiffs and Appellants.

Gieleghem Law Office and Neil Gieleghem for Objector and Respondent Neil Gieleghem.

Law Offices of Gregory A. Cole and Gregory A. Cole for Objector and Respondent Gregory A. Cole.

_____

We affirm a probate court order granting a motion to tax the entirety of $2,640.24 in claimed fees and costs incurred on a prior appeal on the ground that the claimed costs were sought from persons whom were not liable for such costs.

**FACTS**

*Background*

We have entertained multiple previous appellate court proceedings arising from the probate litigation giving rise to the current appeal. We summarized the facts of the protracted litigation in a prior appeal (*Sheen v. Sheen* (July 1, 2014, B243847) [nonpub. opn.]) (hereafter *Sheen Trust I*)), and see no need to restate that long history for the instant appeal. It is sufficient for present purposes to recall that a subset of the beneficiaries under a living trust, Charles Sheen, Derek Hersha, and Deryl Gaylor (collectively Sheen), have long been seeking an award for attorney's fees based on the equity-based "common fund doctrine." Sheen claims that litigation which he initiated resulted in a judgment recovering the bulk of the trust's assets from a wrongdoer, thereby creating a common fund benefitting all of the trust's beneficiaries, which justifies an award of attorney's fees in Sheen's favor (and, thus, in favor of Sheen's attorneys ultimately), to be surcharged against the trust's assets.

In an opinion issued roughly two years ago, we reversed a probate court order denying any award of attorney's fees surcharged against the trust's assets, based largely on evidentiary-procedural grounds. (See *Sheen Trust I, supra*, typed opn. at p. 17.) In the same opinion, we declined to address Sheen's claim that attorney's fees surcharged against the trust's assets, to the extent such fees were ultimately was awarded, would have a "seniority lien" over any other "claim" against the trust's assets. (*Ibid*.)

The only other "claim" against the trust's assets that is involved in this probate litigation is not truly in the form of any pending claim against those assets. Rather, two attorneys who previously represented the trustee, Neil Gieleghem and Gregory Cole, have already been paid money or assets from the trust's assets for attorney's fees billed to the trustee. Sheen wants those fees paid back, replacing monies into the trust's assets.

2

To that end, Sheen seeks a "surcharge" order against the trust's assets that will actually take the form of, or otherwise include, a judgment imposing a constructive trust over attorneys Gieleghem and Cole, thus essentially compelling them to return the fees they previously received back into the trust's assets. The two attorneys would then have to get in line behind Sheen, who would take his common fund doctrine attorney's fees first.

***The Instant Costs Dispute***

In October 2014, shortly after the issuance of the remittitur in *Sheen Trust I*, Sheen filed a memorandum of costs on appeal seeking $2,640.23, to be paid by the prior trustee of the trust, and by attorneys Gieleghem and Cole as well, apparently in some manner of joint and several responsibility order. In November 2014, attorney Gieleghem, asserting he was a "specially appearing non-party," filed a motion to tax the costs claimed in Sheen's memorandum of costs. Attorney Cole filed a joinder in attorney Gieleghem's motion.

On March 3, 2015, the parties argued the costs issues to the probate court, and the court took the matter under submission. On March 12, 2015, the court entered a seven-page order granting attorney Gieleghem's motion to tax costs on appeal, including the joinder by attorney Cole. The court's order found the costs stated in Sheen's memorandum of costs on appeal were reasonable, but explained that an award for costs incurred on appeal could not be ordered to be paid by attorneys Gieleghem and Cole because they were not actually parties to the probate litigation, and Sheen had not presented a persuasive argument in support of the proposition that costs could be ordered to be paid by a person who, for purposes of a cost award, was not a party to a probate action. The court's order concludes: "Attorneys for former trustee, Neil Gieleghem and Gregory Cole, are not personally liable for [Sheen]'s costs on appeal."

Sheen filed a timely notice of appeal from the order entered on March 12, 2014.

**DISCUSSION**

Before turning to the costs order that is at issue in the instant appeal, we digress for a moment to note that the probate court has issued an order on Sheen's overriding

3

claim that attorney's fee under the common fund doctrine should be surcharged against the trust's assets, and, further, that the fees should have a seniority lien in front of the fees already paid to attorneys Gieleghem and Cole. In other words, the probate court has issued a ruling on whether to impose a judgment for constructive trust over Gieleghem and Cole to compel them to repay monies into the trust's assets. That ruling is now the subject of an appeal filed by Sheen that is pending in our court. (Case No. B268762.) In short, the major issue raised by Sheen in the probate litigation, namely, whether or not the probate court may issue orders that would have the effect of compelling attorneys Gieleghem and Cole to put monies back into the trust's assets is pending in our court.

As to Sheen's instant appeal, which might be viewed on some level as raising the issue of whether or not the probate court may issue orders that have the practical effect of compelling attorneys Gieleghem and Cole to pay monies into the trust's assets, we find that Sheen has failed to show any error in the probate court's order *as to the costs claimed for the appeal* in *Sheen I.* Probate Code section 1002 provides:

> "Unless it is otherwise provided by [the Probate Code] or by rules adopted by the Judicial Council, either the superior court or the court on appeal may, in its discretion, order costs *to be paid by any party to the proceedings*, or out of the assets of the estate, as justice may require."

We have read nothing in Sheen's briefs on appeal which persuades us that the trial court erred in ruling that attorneys Gieleghem and Cole do not fit within the definition of a "party" to the ongoing probate proceedings for purposes of issuing an award for costs in *Sheen I* pursuant to Probate Code section 1002. On appeal, as he did below, Sheen offers extensive arguments asserting the proposition that the probate court has "jurisdiction" over attorneys Gieleghem and Cole, i.e., the court has power to issue orders affecting the two attorneys. Sheen's point, essentially, is that the court has jurisdiction over the two attorneys because they acted as lawyers of record in the probate proceedings at one point.

4

Sheen's arguments do not persuade us to reverse the costs order. While it is correct that a trial court generally has "jurisdiction" over the attorneys who appear before the court, for example, a court may sanction a lawyer for misconduct as provided in the law, this does not necessarily means that the attorney thereby is a "party" to the action in which he represents a party, for purposes of Probate Code section 1002.

In concluding that Sheen has failed to persuade us that there is error in the costs order at issue in his instant appeal, we stress that nothing in this opinion should be construed by anybody, whether or not fitting the label of party, nonparty, attorney, former attorney, or anything else, as having any relevance on the issues involved in Sheen's pending appeal in case No. B268762. In short, we stress that nothing in this opinion, in any measure, has addressed the issue of whether a probate court has the authority to impose a constructive trust over a trustee's former attorney to compel that attorney to repay attorney's fees back into the trust's assets. That issue will be addressed in case No. B268762.

## DISPOSITION

The probate court's order is affirmed. Attorney Gieleghem's motion to augment the record on appeal is denied. Each party to bear its own costs on appeal.

                                                            BIGELOW, P.J.

We concur:


            RUBIN, J.



            GRIMES, J.


5